1

2

3

4  UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

5  AT TACOMA/ SEATTLE

6  PATRICK C.,

7                          Plaintiff,          Case No. 3:23-cv-05901-TLF

8       v.                                     ORDER REVERSING AND
REMANDING DEFENDANT'S
9  COMMISSIONER OF SOCIAL                      DECISION TO DENY BENEFITS
SECURITY,

10
                         Defendant.

11

12      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

13  defendant's denial of plaintiff's application for supplemental security income ("SSI").

14  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule

15  MJR 13, the parties have consented to have this matter heard by the undersigned

16  Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was

17  not disabled. Dkt. 5, Complaint.

18      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

19  denial of Social Security benefits if the ALJ's findings are based on legal error or not

20  supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874

21  F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such

22  relevant evidence as a reasonable mind might accept as adequate to support a

23  conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations

24  omitted). The Court must consider the administrative record as a whole. *Garrison v.*

25

1

1  *Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

2  evidence that supports and evidence that does not support the ALJ's conclusion. *Id.*

3  The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did

4  not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope

5  of the Court's review. *Id.*

6

7                                    DISCUSSION

8  **1. Plaintiff's Subjective Testimony**

9       Plaintiff contends the ALJ failed to assess his subjective testimony on how often

10  he has seizures. *Id.* Plaintiff testified he had, on average, about two seizures per week.

11  *See* AR 80. The ALJ found this testimony unreliable. AR 26–27. The ALJ was required

12  to give "specific, clear, and convincing reasons" for doing so.[1] *Garrison*, 759 F.3d at

13  1014–15.

14       The ALJ discounted plaintiff's testimony based on inconsistent statements he

15  made about medication use. *See* AR 26 (contrasting plaintiff's 2022 testimony that he

16  has taken seizure medication Dilantin since 2006 or 2007, AR 69–70, with statement to

17  provider that he no longer takes Dilantin, AR 542); *see also* AR 565 (Dilantin "last taken

18

19  _____

20  [1] This standard applies when an ALJ finds a claimant has presented evidence of a medically determinable
     impairment which could reasonably be expected to produce the alleged symptoms. *See Garrison*, 759
     F.3d at 1014–15. Here, the ALJ found "the claimant's medically determinable impairments could
21   reasonably be expected to cause some of the alleged symptoms" without specifying which of the alleged
     symptoms could be reasonably expected to be caused by his impairments. AR 25. The court assumes,
22   however, that because the ALJ found plaintiff's epilepsy was a severe impairment at step two (AR 20), he
     impliedly found plaintiff's seizures could reasonably be expected to be caused by his epilepsy. *See
     Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (finding "ALJ impliedly found" headache
23   impairments could be expected to cause headache symptoms based on step two finding as "headaches
     can be both an impairment and a symptom"); 20 C.F.R. § 404 app. 1 Listing 11.02 ("epilepsy is a pattern
24   of recurrent and unprovoked seizures").

25                                         2

2012"). The ALJ also pointed to other inconsistent statements made by plaintiff. *See* AR 27. The ALJ also noted that there was "nothing in [plaintiff's] file to show the number of seizures . . . since the filing date." AR 26–27.

In combination, plaintiff's inconsistent statements along with the lack of corroborating medical evidence constituted a clear and convincing reason to reject plaintiff's testimony about the frequency of his seizures. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (finding lack of corroborating medical evidence about cane use combined with several inconsistent statements to be sufficient to reject subjective symptom testimony); *see also Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ also discounted plaintiff's testimony because he did not seek emergency treatment during the relevant period and "were the claimant's seizure activity as severe as he alleges, one would expect the claimant to visit the emergency department." AR 26. Although "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment," *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007), an ALJ cannot reject a claimant's testimony on such a basis without considering possible reasons the claimant did not seek additional treatment, *see* SSR 16-3p (requiring ALJ to "consider[] possible reasons [a claimant] may not . . . seek treatment" before discounting testimony on basis of conservative treatment); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (conservative treatment not valid basis for discounting testimony "where the claimant has a good reason for not seeking more aggressive treatment").

1    Here, the ALJ inquired about why plaintiff had not sought medical attention after

2  a recent seizure, and plaintiff offered two explanations: (1) that his seizures were

3  "routine" because he had "been having them for so long" and (2) that seeking such care

4  would be expensive ("the ambulance ride alone to the hospital is like a thousand

5  bucks"). AR 72.

6    Although the ALJ failed to consider the explanations proffered by plaintiff in his

7  decision (*see* AR 26), defendant still challenges them (Dkt. 10 at 4). The court cannot

8  affirm based on a post-hoc consideration of plaintiff's proffered reasons for failing to

9  seek further treatment. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)

10  ("[W]e are constrained to review the reasons the ALJ asserts.").

11    Even so, defendant's arguments are unpersuasive. As to the first reason

12  ("routine" symptoms), defendant contends that "given the severity of [plaintiff's] alleged

13  symptoms . . . it was reasonable for the ALJ to find that plaintiff's failure to seek

14  treatment undermined his alleged symptom complaints." Dkt. 10 at 4. But plaintiff

15  sought treatment before the relevant period (*see* AR 102–03) and alleged that, since

16  doing so, his seizure symptoms have been relatively unchanged (*see id.*, AR 80), and

17  only discontinued to seek more treatment once his symptoms had plateaued (AR 72). It

18  was not the lack of severity but the routineness of that severity that caused him to not

19  seek further treatment. As to the second reason (plaintiff's financial situation), defendant

20  points out that plaintiff acknowledged he had public health care benefits (Dkt. 10 at 4,

21  citing AR 43), but points to no evidence showing such benefits would substantially cover

22  the cost of emergency treatment.

23

24

25

1    In sum, the ALJ properly discounted plaintiff's testimony about the frequency of

2  his seizures based on inconsistent statements and a lack of corroborating medical

3  evidence. The ALJ erred in discounting plaintiff's testimony based on his failure to seek

4  further treatment, but such an error is harmless. *See Molina v. Astrue*, 674 F.3d 1104,

5  1115 (9th Cir. 2012) (ALJ error in discounting subjective testimony harmless "where the

6  ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but

7  also provided valid reasons that were supported by the record").

8    **2. Lay Witness Testimony**

9    Plaintiff contends the ALJ erred by ignoring statements from his mother and his

10  friend. Dkt. 8 at 9–11. Plaintiff's mother completed function and seizure reports in

11  November 2019. *See* AR 357–67. She wrote that plaintiff has a seizure every week or

12  two, that she has witnessed "dozens" of his seizures, that they last thirty minutes and

13  result in loss of consciousness, and that he has been injured during his seizures. AR

14  366–67. In a May 2022 letter, plaintiff's friend recounted that she has witnessed several

15  of plaintiff's seizures and that they occur without warning and prohibit him from

16  engaging in activities like driving a car. AR 423.

17    The ALJ erred by failing to give reasons for discounting these statements. *See*

18  *Dodrill v. Shalala*, 12 F.3d 915, 920 (9th Cir. 1993) ("If the ALJ wishes to discount the

19  testimony of the lay witnesses, he must give reasons that are germane to each

20  witness.").

21    Defendant argues the ALJ was not required to consider the statements under the

22  new regulations governing the evaluation of medical opinion evidence. Dkt. 10 at 6–9.

23  Yet the 2017 regulations about medical evidence specify they are inapplicable to non-

24

25

medical source statements — but do not otherwise address how the ALJ discusses

reasoning when considering such statements. *See* 20 C.F.R. § 404.1520c(d) ("We are

not required to articulate how we considered evidence from nonmedical sources *using*

*the requirements . . . in this section*.") (emphasis added). They did not remove the

requirement, reflected throughout the regulations, that an ALJ consider lay witness

statements. *See, e.g.*, 20 C.F.R. § 404.1545(a)(3) ("We will also consider descriptions

and observations of your limitations from your impairment(s) . . . by you, your family,

neighbors, friends, or other persons."); 20 C.F.R. § 404.1529(a) ("We will consider any

description your . . . nonmedical sources may provide . . . ."); SSR 96-8p ("The RFC

assessment must be based on all of the relevant evidence in the case record, such as:

[…] lay evidence[.]").

That requirement is the genesis of the germane reasons standard. *See Dodrill*,

12 F.3d at 919–20 ("Disregard of this evidence violates the Secretary's regulation that

he will consider observations by non-medical sources as to how an impairment affects a

claimant's ability to work.") (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.

1987)). There is no Ninth Circuit authority that has overturned the "germane reasons"

standard, and the standard was not displaced by the 2017 regulations concerning

medical evidence.

Defendant also contends such an error is harmless. Dkt. 10 at 8. An error is

harmless where it is "inconsequential to the ultimate nondisability determination." *Stout*,

454 F.3d at 1055. Failing to provide germane reasons for rejecting a lay witness

statement is harmless error where the statement is cumulative of plaintiff's subjective

testimony, the ALJ provided proper reasons for rejecting that subjective testimony, and

those reasons apply to the lay witness statement.[2] *Molina*, 674 F.3d at 1116–22; *see also id.* at 1121–22 ("[W]e join the Eighth Circuit's well reasoned determination that an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'") (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011)); *Stout*, 454 F.3d at 1054–55 (finding failure to discuss lay statement not harmless where testimony identified limitations not otherwise considered by the ALJ). Thus, where "the ALJ had validly rejected all the limitations described by the lay witnesses in discussing [the subjective] testimony," the Court can be "confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination." *Molina*, 674 F.3d at 1122.

Here, this Court cannot "confidently conclude that no reasonable ALJ, when fully crediting the [lay witness] testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055–56) (alteration added). The ALJ found it significant that "there is nothing in the file to show the number of seizures nor the degree of severity of them

---

[2] Plaintiff suggests the ALJ's failure to give germane reasons for rejecting a lay witness statement is always reversible error (Dkt. 8 at 10) but this same argument was rejected in *Molina*, 674 F.3d at 1117–21. Plaintiff argues that "other, more recent, [Ninth Circuit] panels have continued to require the ALJ to articulate reasons for rejecting competent lay evidence." Dkt. 8 at 10 (citing *Diedrich v. Berryhill*, 874 F.3d 634, 645 (9th Cir. 2017) (Rawlinson, J., dissenting); *Wright v. Saul*, 857 Fed. App'x 380, 382 (9th Cir. 2021); *Woolery v. Saul*, 835 Fed. App'x 952, 953 (9th Cir. 2021)). This caselaw did not rescind *Molina*'s harmless error ruling. In two of the three cases cited by plaintiff, the Ninth Circuit found the ALJ inadequately assessed plaintiff's testimony. *See Diedrich*, 874 F.3d at 641–42, *Wright*, 857 Fed. App'x at 381–82. In the third, the Court found the ALJ properly assessed the lay witness testimony. *Woolery*, 835 Fed. App'x at 953. In neither circumstance would the Ninth Circuit have reason to consider whether *Molina*'s ruling—involving circumstances where an ALJ properly assessed subjective testimony and improperly assessed lay witness testimony—applied.

1    since the protective filing date." AR 26–27. As described below, defendant relies on this

2    statement in defending the ALJ's omission of any limitation related to the frequency of

3    plaintiff's seizures. *See* Dkt. 10 at 5. But the ALJ is required under existing regulations

4    to consider lay testimony when formulating the RFC. *See* 20 C.F.R. § 404.1545(a)(3);

5    SSR 96-8p. An error in the ALJ's decision about the lay witness testimony, then, would

6    cast doubt on the ALJ's rationale for failing to include seizure-frequency limitations.

7        The Court has found the ALJ gave proper reasons for rejecting plaintiff's

8    testimony about his seizures based on inconsistencies in plaintiff's representations. But

9    this is not a "reject[ion]" of the substance of the "limitations described by the lay

10    witnesses," *Molina*, 674 F.3d at 1122, it is a rationale specific to plaintiff's reliability that

11    has no bearing upon the lay witness statements. The lack of medical evidence

12    corroborating the alleged frequency and severity of plaintiff's seizures gives the court no

13    additional confidence that the statements would not have altered the ALJ's

14    determination. "The fact that lay testimony and third-party function reports may offer a

15    different perspective than medical records alone is precisely why such evidence is

16    valuable at a hearing." *Diedrich*, 874 F.3d at 640; *see also Bruce v. Astrue*, 557 F.3d

17    1113, 1116 (9th Cir. 2009) ("Nor under our law could the ALJ discredit . . . lay testimony

18    as not supported by medical evidence in the record.").

19        Thus, the ALJ's failure to mention the lay witness statements suggests the ALJ

20    did not consider them, and the ALJ's failure to provide any germane reason concerning

21    these lay witness statements, is reversible error.

22

23

24

25

8

1

### 3. The RFC Finding

2      Plaintiff contends there was not substantial evidence to justify the ALJ's omission

3 of any limitation related to the frequency of his seizures in the RFC. Dkt. 8 at 4, 8–9;

4 Dkt. 11 at 2. Defendant replies that "the record does not contain credible evidence

5 about the frequency of plaintiff's seizures" and thus the ALJ was not required to include

6 such a limitation. Dkt. 10 at 5. But as discussed, the ALJ erroneously did not discuss

7 evidence from lay witness sources about the frequency of plaintiff's seizures, which he

8 was required to consider in formulating the RFC. *See* 20 C.F.R. § 404.1545(a)(3); SSR

9 96-8p.

10      Defendant also points out that the ALJ included some limitations in the RFC—

11 such as limited exposure to hazards and irritants and never climbing ladders, ropes, and

12 scaffolds—meant as precautionary measures concerning plaintiff's seizures. Dkt. 10 at

13 5; *see* AR 27–28, 30. But the ALJ did not find such measures would control plaintiff's

14 seizures and acknowledged that "there is apparently no way to know when the claimant

15 might have a seizure." AR 28. The RFC, then, did not adequately account for plaintiff's

16 seizures and this error requires reversal. *See Stout*, 454 F.3d at 1055.

17
                              CONCLUSION

18      For those reasons, the Court concludes the ALJ improperly determined plaintiff to

19 be not disabled. Therefore, the ALJ's decision is reversed and remanded for further

20 administrative proceedings. On remand, the plaintiff will be offered the opportunity to

21 choose either a de novo hearing, or for the ALJ to properly consider lay witness

22 evidence that is in the current record, and issue a new decision based on the current

23 record. In either case, on remand for further proceedings, the ALJ shall consider lay

24

25

witness evidence as required by regulations and Ninth Circuit precedent. 20 C.F.R. § 404.1545(a)(3) ("We will also consider descriptions and observations of your limitations from your impairment(s) . . . by you, your family, neighbors, friends, or other persons."); 20 C.F.R. § 404.1529(a) ("We will consider any description your . . . nonmedical sources may provide . . . ."); SSR 96-8p ("The RFC assessment must be based on all of the relevant evidence in the case record, such as: […] lay evidence[.]").

Dated this 29th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge